Taylor, C. J.
delivered the opinion of the Court.
The Court do not perceive any circumstance in the character of this devise, which ought to prevent the direct application of the rule in Shelly’s case,—that where the ancestor, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance, an estate is limited, either mediately or immediately, to his heirs in fee or in tail, that always in such cases, the heirs are words of limitation and not words of purchase.
In cases like this, where there is no intermediate estate, the remainder is executed in the ancestor, and as both estates are of the same quality, viz. legal, they unite and coalesce.
It is said in Co. Litt. 183, b. 184, that where there is a joint limitation of the freehold to several, followed by a joint *287 limitation of the inheritance in fee simple to them, as an estate to A & B, or for their lives, or in tail, and afterwards to their heirs, so that both limitations are of the same quality, that is, both joint, the fee rests in them jointly. And so if the limitation of the freehold be to husband and wife jointly, remainder to the heirs of their bodies, it is an estate-tail executed in them, as they are capable of issue, to whom such joint inheritance can descend. In this case the limitation of the freehold is joint to Britt and his wife, and is followed by a joint limitation of the inheritance. Upon the death of the husband it survived to the wife, who thus became seised in fee, and consequently had a right to devise the land to the lessor of the plaintiff, for whom there must be judgment.